.BERRIE, sheriff, *et al. v.* ATKINSON & DUNWODY *et al.*

Where an attorney institutes a suit in behalf of plaintiffs some of whom reside in this State and some of whom are non-residents, and the plaintiffs are cast in the suit, the attorney is not liable to the officers of court for any of the costs incurred.   Section 5387 of the Civil Code applies only when the plaintiff or plaintiffs are all non-residents.

Argued January 11, — Decided February 6, 1902.

Motion to amend judgment.   Before Judge Bennet.   Glynn superior court.   February 18, 1901.

*F. · T. Saussy* and *D. W. Krauss,* for plaintiffs.   *W. E. Kay, Atkinson & Dunwody,* and *Crovatt & Whitfield,* for defendants.

SIMMONS, C. J.   Certain attorneys instituted an action in Glynn superior court in behalf of several persons, some of whom were residents of this State and some of whom were non-residents.   At the final termination of the case the plaintiffs were cast in the suit. Judgments were entered up, for the use of the officers of court, for certain amounts against the plaintiffs.   At a subsequent term of the court a motion was made to have the judgment amended so as to make the attorneys liable for the costs in the case.   The judge of the court below sustained a demurrer to this motion.   The movants excepted.

The Civil Code, § 5387, provides that " When an attorney shall institute a suit in any of the courts of this State for any person who resides out of this State, such attorney shall be liable to pay all costs of the officers of court in case such suit shall be dismissed or the plaintiff be cast in his suit."   There have been several rulings made by this court upon this section and the acts from which it was codified.   These cases hold that an attorney who brings a suit for a non-resident is responsible, under this section, for the costs. The case now under consideration is different from any of these cases.   In them the record disclosed either that the sole plaintiff was a non-resident or that all of the plaintiffs were non-residents of the State.   This is the first time this court has had to deal with a case in which some of the plaintiffs were residents and some non-residents.   After much consideration we have come to the conclusion that in· such a case the attorneys who instituted the action are not liable for any of the costs.   The act of the General Assembly

from which this section was codified is in derogation of common law, and is somewhat in the nature of a penal statute. It should, therefore, be strictly construed. Construed strictly, it means, in our opinion, that the attorney is liable only where he has instituted a suit for a sole plaintiff who is non-resident, or for two or more plaintiffs all of whom are non-resident. If he does this and the plaintiff or plaintiffs are cast in the suit, the statute makes him liable for all of the costs. If the movants in this case were correct in their interpretation of the statute, these attorneys would have to pay all the costs in the case, although one half or two thirds of the plaintiffs may have been residents of this State and perfectly solvent. Indeed, under this construction, if all the plaintiffs but one were residents, the attorneys would still have to pay all the costs. We think that the General Assembly, in enacting this statute, did not have such a case as this in contemplation, but merely intended to provide for the protection of the officers of court where there was no resident plaintiff. Where a resident plaintiff brings a suit in this State and loses, the law requires him to pay the costs. If two or more bring an action and lose and one is insolvent, the solvent plaintiff or plaintiffs are liable for all the costs. So, we think, if resident suitors are willing to join in a petition with non-residents, they take the risk, if cast in the suit, of having to pay all the costs and to enforce the judgment against the non-residents by due course of law. For these reasons we think the trial judge was right in sustaining the demurrer filed by the attorneys.

*Judgment affirmed. All the Justices concurring.*